UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| QUINN S. BASS, | Case No. EDCV 19-1443-JVS (KK) |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, ET AL., | |
| Defendant(s). | |

**I.**

**INTRODUCTION**

Plaintiff Quinn S. Bass ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") which appears to sue defendants City of San Bernardino Police Department, County of San Bernardino Sheriff John McMahon ("McMahon"), County of San Bernardino Sergeant Kelly Craig ("Craig"), County of San Bernardino Deputy Reveles ("Reveles") in their individual and official capacities, and Hayes Towing (collectively, "Defendants"). ECF Docket No. ("Dkt.") 21 at 10-11. Plaintiff alleges Defendants violated 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. §§ 242 and 245. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///

## II.

## **BACKGROUND**

On August 2, 2019, Plaintiff filed a Complaint alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of his First, Fourth, Fifth, Eighth, and Ninth Amendment rights and 18 U.S.C. §§ 242 and 245. Dkt. 1. According to the Complaint, on March 29, 2019 at approximately 5:00 p.m., Plaintiff and his wife were in their car in the parking lot of Sam's Bargain in San Bernardino, California. Id. at 4-5. Plaintiff alleges Defendants Craig and Reveles "forc[ed them] out at gun point" with no probable cause "or warrant signed by a judge." Id. at 5. Plaintiff then alleges he was hospitalized with injuries from pepper spray and a sprained wrist before being "booked for felony resisting arrest." Id. Plaintiff sought "return of [Plaintiff's] private automobile at no fee as well as dismiss[al of] the felony resisting arrest charge (with no initial charge) with extreme prejudice." Id. at 4-5.

On September 11, 2019, the Court dismissed the Complaint with leave to amend. Dkt. 19.

On September 13, 2019, Plaintiff filed the instant FAC. Dkt. 21. The body of the FAC does not contain any factual allegations, but rather refers to Attachments 1, 2, 3, 4, and 5. Id. at 12. Attachments 1 and 2 appear to be affidavits purporting to put Defendants on notice of Plaintiff's complaints regarding the March 29, 2019 incident and demanding return of his vehicle. Id. at 14-21. Attachment 3 appears to be a partial vehicle registration application. Id. at 22. Attachment 4 appears to be a declaration of Plaintiff's wife filed in a case in San Bernardino County Superior Court, Bass v. People of the State of California, No. FSB19001352/MSB18016651. Id. at 23-25. Attachment 5 appears to be Plaintiff's medical records from Arrowhead Regional Medical Center for his March 29, 2019 visit. Id. at 26-30. Plaintiff states: "I know I am entitled to relief," but does not request any specific relief in the FAC. Id. at 13.

///

# III.
# STANDARD OF REVIEW

Where a plaintiff is proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## **DISCUSSION**

**A. PLAINITFF FAILS TO STATE A CLAIM FOR RELIEF UNDER 18 U.S.C. §§ 242 AND 245**

18 U.S.C. §§ 242 and 245 are criminal statutes that do not provide for a private right of action. Newman v. Caliber Home Loans, Inc., No. 16-CV-2053-JLS (NLS), 2018 WL 3361442, at *1 (S.D. Cal. July 10, 2018) (dismissing claims brought under criminal statutes because "as criminal statutes, they do not convey a private right of action"); Cooley v. Keisling, 45 F. Supp. 2d 818, 820 (D. Or. 1999) (dismissing claim under 18 U.S.C. § 245, noting "[t]he enforcement of this provision of federal law rests

4

in the discretion of the Attorney General of the United States"); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (dismissing claim under 18 U.S.C. § 242, "which is the criminal analogue to [42 U.S.C.] § 1983," because "a criminal provision . . . does not create a private right of action"). Accordingly, Plaintiff's claims under 18 U.S.C. §§ 242 and 245 must be dismissed.

**B.  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. § 1985**

  **1.  Applicable Law**

42 U.S.C. § 1985(3) ("Section 1985") "prohibits conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws.'" Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005). To state a Section 1985 claim, a plaintiff must allege facts showing agreement of the alleged conspirators to deprive him of his rights. Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). Conclusory allegations of a conspiracy are insufficient to state a valid Section 1985 claim. Id.; see also Iqbal, 556 U.S. at 678. In addition, a plaintiff must demonstrate "a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (citation omitted); Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980).

  **2.  Analysis**

Here, the FAC contains no specific facts to support a conspiracy claim. Plaintiff does not "plausibly suggest" Defendants had an agreement to deprive Plaintiff of his rights. Starr, 652 F.3d at 1216. In addition, Plaintiff fails to allege facts demonstrating a conspiracy motivated by "class-based, invidious discriminatory animus." See RK Ventures, Inc., 307 F.3d at 1056. Accordingly, Plaintiff's Section 1985 claim is subject to dismissal.

///

///

1  **C. PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST
2     DEFENDANTS SAN BERNARDINO POLICE DEPARTMENT
3     AND HAYES TOWING OR DEFENDANTS MCMAHON, CRAIG,
4     AND REVELES IN THEIR OFFICIAL CAPACITY**

   **1. Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

///

**2. Analysis**

Here, Plaintiff fails to state a Section 1983 claim against the San Bernardino Police Department, Hayes Towing, or defendants McMahon, Craig, or Reveles in their official capacity[1] because Plaintiff fails to allege any widespread, systematic constitutional violations that have become the force of law or formal governmental policy pursuant to which Defendants acted. See Brown, 520 U.S. at 404; Gillette, 979 F.2d at 1346. Rather, Plaintiff appears to allege a "random act[] or [an] isolated event[]" in which Plaintiff was forced out of his car at gun point without probable cause and charged with felony resisting arrest. See Thompson, 885 F.2d at 1444. Accordingly, Plaintiff's Section 1983 claims against the San Bernardino Police Department, Hayes Towing and defendants McMahon, Craig, and Reveles in their official capacity must be dismissed.

///
///
///
///
///

---

[1] Courts in this district have also found that "municipal departments are improper defendants in section 1983 suits." Nichols v. Brown, 859 F. Supp. 2d 1118, 1137 (C.D. Cal. 2012); see also Smith v. Cty. of Los Angeles, No. CV 12-02444-JAK (JEM), 2013 WL 1829821, at *7 (C.D. Cal. Mar. 12, 2013), report and recommendation adopted, No. CV 12-02444-JAK (JEM), 2013 WL 1628609 (C.D. Cal. Apr. 16, 2013) (finding "the term 'persons' in [a 1983 action] does not include municipal departments.").

However, the Ninth Circuit has held "both the LASD and the County [of Los Angeles]" can be subject to liability under Section 1983 because "the LASD is a separately suable entity." Streit v. Cty. of Los Angeles, 236 F.3d 552, 555-56, 566 (9th Cir. 2001); see also Hurth v. Cty. of Los Angeles, No. CV 09-5423-SVW (PJWx), 2009 WL 10696491, at *4 (C.D. Cal. Oct. 28, 2009) (finding "under Ninth Circuit precedent the Sheriff's Department is a suable 'person' under 42 U.S.C. § 1983").

Regardless of whether Plaintiff has named the proper defendant, he has not set forth allegations showing that either the City of San Bernardino, the City of San Bernardino Police Department, or the County of San Bernardino, which is the real party in interest in the suit against defendants McMahon, Craig, and Reveles in their official capacity, had a "policy or custom" that is the moving force behind the violations he alleges here.

# D. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS HAYES TOWING OR MCMAHON, CRAIG, AND REVELES IN THEIR INDIVIDUAL CAPACITY

## 1. The FAC Fails To Comply With Rule 8

### a. Applicable Law

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). A plaintiff must plainly state facts showing individual defendants were directly and personally involved in inflicting the alleged injury. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The required statement under Rule 8 must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (citation omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In addition, Rule 8 "has been held to be violated by a pleading that was . . . confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals).

### b. Analysis

Here, the FAC does not identify which defendants are being sued, for what relief, and for which alleged injuries. First, there are no factual allegations in any of the affidavits attached to the FAC that involve defendant McMahon. Second, the failure to state any specific claims makes it impossible to determine what actions by defendant Hayes Towing allegedly violated Plaintiff's constitutional rights. Third, it is

8

unclear what relief is sought. Finally, even liberally construed, it is unclear how the allegations involving defendants Craig and Reveles are related to having Plaintiff's vehicle returned and the charges against him dismissed. While Plaintiff mentions that he was forced out of his car at gunpoint by defendants Craig and Reveles and ended up hospitalized for injuries from pepper spray and a sprained wrist, to the extent the Court can piece together the relief sought from the Attachments to the FAC, the relief sought appears directed towards challenging the criminal charges against Plaintiff for felony resisting arrest and having his car returned. Absent specific, nonconclusory allegations identifying what actions each defendant took against Plaintiff, how such actions violated Plaintiff's rights, and how Defendants' alleged actions will be addressed by the remedy sought, the FAC fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. See Iqbal, 556 U.S. at 676; Dura Pharms., Inc., 544 U.S. at 346. Accordingly, the FAC is subject to dismissal for failure to comply with Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint on Rule 8 grounds that is "argumentative, prolix, replete with redundancy, and largely irrelevant").

### 2. The FAC Appears To Be Barred By Heck and Younger

#### a. Applicable Law

Under Heck, a claim that "necessarily implie[s] the invalidity of [a] conviction or sentence [may] not be maintained under § 1983 unless the [plaintiff] proved 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus.'" Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (quoting Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)).

Alternatively, principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings. See Younger v. Harris, 401 U.S. 37, 43-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (ongoing state criminal

proceedings). Younger abstention is required if state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate federal claims. Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791, 799-801 (9th Cir. 2001); Cty. of Alameda's Agustin v. Cty. of Alameda, 234 F. App'x 521, 522 (9th Cir. 2007).

### b. Analysis

To the extent Plaintiff is seeking to challenge his arrest for felony resisting arrest, such claims must be dismissed as premature under Section 1983. If Plaintiff has already been convicted of felony resisting arrest, his claims challenging his conviction are barred by Heck. See Nonnette, 316 F.3d at 875. Alternatively, if the criminal case against Plaintiff is still pending in state court, Younger abstention is required. See Younger, 401 U.S. at 43-45. Accordingly, Plaintiff's claims seeking to have his automobile returned and the charges against him dismissed are barred and must be dismissed.

## V.

## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.** If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety,

preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC.  In addition, the Second Amended Complaint must be complete without reference to the FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.**  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action.  However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at

1261.  Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

3. Alternatively, Plaintiff may notify the Court that he intends to stand on his current FAC by filing a Notice of Intent to Stand on the FAC.  If Plaintiff does so, the Court, pursuant to the provisions of 28 U.S.C. § 636, will submit to the assigned district judge a recommendation that the FAC be dismissed with prejudice, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  September 19, 2019

HONORABLE KELLY KIYA KATO
United States Magistrate Judge

12