HEIDI K. WILLIAMS (CA State Bar No. 297428)
Deputy County Counsel
MICHELLE D. BLAKEMORE (CA State Bar No. 110474)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-4402
Facsimile: (909) 387-4069
E-Mail:  Heidi.Williams@cc.sbcounty.gov

Attorneys for Specially Appearing Defendants San Bernardino Sheriff's Department,
Sheriff John McMahon, "Craig, Kelly #B5842," and "Reveles #C9640" (collectively the
"Moving Parties")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN S. BASS,<br><br>             Plaintiff,<br><br>      v.<br><br>SAN BERNARDINO COUNTY<br>SHERIFFS DEPT., et al.<br><br>             Defendants. | Case No. 5:19-cv-01443-JVS-KK<br><br>**NOTICE OF MOTION & MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:          November 21, 2019<br>Time:          10:00 a.m.<br>Crtm:          3 or 4<br><br>Honorable James V. Selna, District Judge<br>Honorable Kenly Kiya Kato, Magistrate Judge |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2019, at 10:00 a.m., or as soon thereafter as the matter might be heard, in Courtroom 3 or 4 of the above-referenced court located at 3470 Twelfth Street, Riverside, California, specially appearing Defendants San Bernardino Sheriff's Department, Sheriff John McMahon, "Craig, Kelly #B5842," and "Reveles #C9640" (collectively the "Moving Parties"), who are affiliated

1

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

with the County of San Bernardino, will and hereby do move to quash service of the summons and to dismiss the Second Amended Complaint pursuant to Rules 4, 5, 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure on the grounds that the court lacks personal jurisdiction over Defendants due to improper service.

This motion will be based upon this Notice, the Brief in Support of Motion, the Declaration of Heidi K. Williams, all pleadings on file in the above-referenced case, and such other matters as the Court may allow at the time of the hearing.

## MEET AND CONFER COMPLIANCE

Pursuant to Local Rule 7-3, attorney for Specially Appearing Defendants San Bernardino Sheriff's Department, Sheriff John McMahon, "Craig, Kelly #B5842," and "Reveles #C9640" (collectively the "Moving Parties"), has been unable to meet and confer with Plaintiff regarding the Second Amended Complaint.  Correspondence sent to the address listed on his pleadings has been returned as undeliverable.  However, counsel did meet and confer with Plaintiff regarding the same deficiencies before filing its previous motion to quash (ECF 17), which was deemed moot.

DATED: October 8, 2019                    Respectfully submitted,

                                          MICHELLE D. BLAKEMORE
                                          County Counsel

                                          */s/ Heidi K. Williams*
                                          **HEIDI K. WILLIAMS**
                                          Deputy County Counsel
                                          Attorneys for Specially Appearing Defendants
                                          San Bernardino Sheriff's Department, Sheriff
                                          John McMahon, "Craig, Kelly #B5842," and
                                          "Reveles #C9640" (collectively the "Moving
                                          Parties")

1   HEIDI K. WILLIAMS (CA State Bar No. 297428)
2   Deputy County Counsel
    MICHELLE D. BLAKEMORE (CA State Bar No. 110474)
3   County Counsel
    385 North Arrowhead Avenue, Fourth Floor
4   San Bernardino, California 92415-0140
5   Telephone: (909) 387-4402
    Facsimile: (909) 387-4069
6   E-Mail: Heidi.Williams@cc.sbcounty.gov
7
8   Attorneys for Specially Appearing Defendants San Bernardino Sheriff's Department,
    Sheriff John McMahon, "Craig, Kelly #B5842," and "Reveles #C9640" (collectively the
9   "Moving Parties")
10
11              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
12
13
14  QUINN S. BASS,                        Case No. 5:19-cv-01443-JVS-KK
15          Plaintiff,                    **NOTICE OF MOTION & MOTION TO
                                          DISMISS SECOND AMENDED
16      v.                                COMPLAINT**
17
    SAN BERNARDINO COUNTY                 Date:      November 21, 2019
18  SHERIFFS DEPT., et al.                Time:      10:00 a.m.
                                          Crtm:      3 or 4
19
20          Defendants.                   Honorable James V. Selna, District Judge
21                                        Honorable Kenly Kiya Kato, Magistrate
                                          Judge
22
23
24                          I.
25                      INTRODUCTION
26      Plaintiff Quinn S. Bass, a self-represented litigant, has filed several versions of his
27  complaint. The moving parties have <u>never</u> been properly served. Despite clear direction
28  from the court not to serve his pleadings until authorized, he continues to "serve"

                                      1
    NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

defendants in this case.  None of his attempts adhere to procedural requirements.  Mr. Bass has now filed another purported proof of service with the court even though service of process has not been effected.  Accordingly, the moving parties hereby specially appear to request the court quash the purported service of summons in this case and dismiss the Second Amended Complaint.

## II.

## LEGAL STANDARDS

A party may challenge fatal defects in the form of summons pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 12(b)(4).  A motion under this rule "challenge[s] noncompliance with the provisions of Rule 4(b) [of the Federal Rules of Civil Procedure] or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons."  *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*, 99 F.Supp.3d 1110, 1126-27 (C.D. Cal. 2015) ("*Almont*") (citations omitted).

A party may also challenge the method of service of the summons.  FED. R. CIV. P. 12(b)(5).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4 [of the Federal Rules of Civil Procedure]."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).

"Service of process is the means by which a court asserts its jurisdiction over the person.  In the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."  *Almont* at 1127 (citing *SEC v. Ross*, 504 F.3d 1130 (9th Cir. 2007)).  Given this, an improperly served party may also raise an objection pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## III.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff "Bass, Quinn D.B.A. Quinn S. Bass" ("Plaintiff"), a self-represented litigant, filed a civil complaint on August 2, 2019.  Complaint, ECF No. 1.  Plaintiff

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

attempts to name several entities and individuals as Defendants.  Of the possible Defendants, the San Bernardino Sheriff's Department, Sheriff John McMahon, "Craig, Kelly #B5842," and "Reveles #C9640" (collectively the "Moving Parties") are affiliated with the County of San Bernardino.

On August 12, 2019, process server Douglas L. Crawford served copies of the complaint on staff at the County of San Bernardino Sheriff's Department Civil Liabilities Division.  See ECF No. 9, pp. 6-8; Declaration of Heidi K. Williams ("Decl. Williams") ¶ 2.

Plaintiff filed a "Proof of Services" the next day, on August 13, 2019.  Proof of Service, ECF No. 9.  Mr. Crawford specifically altered the proofs of service to cross out any reference to serving summonses.  ECF No. 9, pp. 6-8.

On August 16, 2019, staff at Civil Liabilities received more copies of the complaint and a single "summons" that was not signed by the clerk of the court.  Decl. Williams ¶ 3 & Ex. A.  This purported summons includes handwritten contact information for Plaintiff.

A three-page document that includes a summons to Sheriff John McMahon was filed on August 20, 2019.  ECF No. 11.  The summons is stamped by the Clerk, but the date line appears altered.  ECF No. 11, p. 1.  The filed documents include handwritten lists of other possible parties, but no other additional summonses.  This version includes a typed name and address for Plaintiff in the center of the summons page.

On August 20, 2019, the court issued its Initial Civil Rights Case Order.  Order, ECF No. 12.  Plaintiff was advised the court would be screening his complaint and ordered him not to attempt service until authorized to do so.  ECF No. 12, 1:19-24.

On August 21, 2019, Plaintiff filed another set of documents purporting to be proofs of service.  ECF No. 14.  Deficiencies in these documents are addressed in detail below.  See Section IV.B, *infra*.

On August 21, 2019, Civil Liabilities received a copy of a single summons via U.S. Mail.  Decl. Williams¶ 4 & Ex. B.  Civil Liabilities did not receive a request to

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

waive service. *Id*. Deficiencies in this document are addressed in detail below. See Section IV.C, *infra*.

On August 22, 2019, in response to documents received, counsel for the Moving Parties sent meet and confer correspondence to Plaintiff pertaining to his ineffective attempts to serve the summons and complaint. Decl. Williams ¶ 5 & Ex. C. Although he was invited to respond, Plaintiff did not contact counsel. Decl. Williams ¶ 5.

On September 10, 2019, Moving Parties filed a Motion to Quash Service of Summons. ECF No. 17. Following screening, the court dismissed Plaintiff's Complaint with leave to amend. Order, ECF No. 19. The court dismissed the Motion to Quash without hearing as moot. ECF No. 20.

Plaintiff filed a First Amended Complaint on September 13, 2019. ECF No. 21. He "served" a copy by mail and filed a proof of service. ECF No. 22. The court quickly screened and dismissed the First Amended Complaint. ECF No. 23.

On September 24, 2019, Plaintiff filed a Second Amended Complaint. ECF No. 24. Norma Adams, a non-party, delivered a copy of this version to the reception desk at the Office of the County Counsel the same day. Plaintiff filed a "proof of service" the same day. ECF No. 26.

Moving Parties hereby request a court order to quash all attempts to serve them in the instant case and to dismiss the Second Amended Complaint for the reasons stated in detail below.

IV.

ARGUMENT

Plaintiff has never properly served the Moving Parties in this case. He failed to properly serve the summons with the original complaint and has never cured that defect with his amended pleadings. He continues to disregard the court order to await court authorization to serve defendants. For these reasons, the Moving Parties seek an order to quash all purported service attempts and to dismiss the Second Amended Complaint.

A. Plaintiff's First Attempt to Serve Moving Parties Is Insufficient Service of

4

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

<u>Process Because No Summonses Were Served</u>.

Plaintiff's first attempt to serve Moving Parties on August 12, 2019 fails to comply with Rule 4 of the Federal Rules of Civil Procedure because no summons was served.

"A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1).

Plaintiff filed purported proofs of service that facially show his first attempts to serve Moving Parties on August 12, 2019 did not comply with Rule 4 because a summons was not provided.  ECF No. 9, pp. 6-8.  Process server Douglas L. Crawford specifically crossed out references to "summons" on each proof of service and wrote in "complaint" instead.  *Id*.  The summons later filed in this case is dated August 20, 2019. See ECF No. 11.  This further indicates no summons could have been served a week earlier than that.  Given this, Plaintiff cannot establish sufficient service of process on any party as a result of the August 12, 2019 attempts.

B. <u>Plaintiff's Second Attempt to Serve Moving Parties Fails Because the Summons Was Not Signed by the Clerk of Court</u>.

Plaintiff next attempted to serve the Moving Parties again on August 16, 2019. The summons provided was defective because it was not signed by the clerk.

To be valid, a federal summons must be signed by the clerk of the court and bear the court's seal.  FED. R. CIV. P. 4(a).

Although "Winston L. Mason" declares he served a summons on the Moving Parties (ECF No. 14, p. 6), he did not serve a <u>valid</u> summons.  The summons filed with the court is dated August 20, 2019, four days after this service attempt.  ECF No. 11. The documents received by the Civil Liabilities Department include an unsigned summons.  Decl. Williams ¶ 3 & Ex. A.  Given this, the summons is defective, which renders the attempted service on August 16, 2019 ineffective as well.

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

C. <u>Plaintiff's Third Attempt to Serve Moving Parties Fails Because the Summons Is Not Issued to A Particular Defendant and Was Mailed to Moving Parties</u>.

Plaintiff next mailed a single copy of the signed summons to the Sheriff's Department.  This is not an effective method of service under any rule.

"A summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served."  FED. R. CIV. P. 4(b).

Civil Liabilities received one summons via certified mail on August 21, 2019.  Decl. Williams ¶ 4 & Ex. B.  It is unclear which party is intended to be summoned by this one document.  After the pre-printed "To: (Defendant's name and address)" heading, a handwritten entry states: "Sheriff John McMahon, See Exhibit B."  Decl. Williams ¶ 4 & Ex. B, p. 1.  Exhibit "B" lists three individuals, and two different entities at three different addresses.  *Id*. at p.4.  This format is ambiguous and fails to clearly establish who is compelled to appear.  Further confusing the issue, in the proof of service filed by Plaintiff, "Darrell Johnson" declares he both personally served and mailed the summons to a variety of people and entities on August 20, 2019.  See ECF No. 14, pp. 1-2.  Moving Parties deny the signed summons was ever personally served.  Decl. Williams ¶¶ 2-4.  Additionally, only one copy of the summons was provided by mail.  Given this, Plaintiff has failed to summon each of the Moving Parties.  Therefore, the third attempt to serve also fails to satisfy procedural requirements.

Even if the summons could compel one of the Moving Parties to appear, *arguendo*, the method of service is not proper.  An individual defendant must be served with a copy of the summons and complaint by following state law for serving a summons in an action brought in courts of that state, by personally serving the defendant, or by delivering a copy to an authorized agent.  FED. R. CIV. P. 4(e).  In California, service of process is accomplished by personal delivery to the defendant or the defendant's authorized agent.  CAL. CODE CIV. P. § 415.10.  Alternatively, "a summons may be served by leaving a copy…during usual office hours in his or her office…with the person who is apparently in charge thereof…" *Id.* at § 415.20.

As discussed above, in this case, Plaintiff has only delivered an <u>unsigned</u> copy of the summons to an authorized person.  Decl. Williams ¶ 3 & Ex. A.  The only signed copy was sent by mail.  Decl. Williams ¶ 4 & Ex. B.  It is possible Plaintiff was attempting to request a waiver of service pursuant to Rule 4(d), however, he did not submit a request to any of the Moving Parties.  Decl. Williams ¶ 4.  Instead, he <u>filed</u> a "Proof of Service – Acknowledgement of Service" form that refers to Rule 5 of the Federal Rules of Civil Procedure, not Rule 4(d).  See ECF No. 14, p. 7.  Even if construed as an attempted request for waiver, this does not cure the ambiguity created by sending only one summons.  For these reasons and those argued above, Plaintiff has not properly served any of the Moving Parties and the instant motion to quash should be granted.

D.  <u>Plaintiff Did Not Cure the Deficient Service With His First Amended Complaint or Second Amended Complaint</u>.

Since these ineffective attempts to serve a summons with Plaintiff's original complaint, Plaintiff has not even attempted to serve a summons with his amended pleadings.  He has mailed an amended complaint and delivered another amended complaint, both to counsel.  These efforts fail to exert personal jurisdiction over the Moving Parties.

The First Amended Complaint was mailed to County Counsel.  ECF No. 22.  The Second Amended Complaint was delivered to the reception desk at County Counsel.  ECF No. 26.  County Counsel is not the authorized agent to receive service on behalf of any of the Moving Parties.  Regardless, neither "proof of service" refers to a summons in any way.  These indicate Plaintiff incorrectly presumes he has already effected service.  He has not cured the defects addressed above.  Given this, Plaintiff has failed to establish the court has personal jurisdiction over the Moving Parties.

E.  <u>In The Interest of Judicial Economy, Any Effective Service Attempts Should Be Quashed to Allow the Court to Complete the Screening Process</u>.

In the event the court finds service of process is effective as to any particular

7

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

party, the Moving Parties request the court quash the summons in the interest of justice and judicial economy.

The court screens cases filed by self-represented litigants who are also *in forma pauperis* to determine if the pleadings state a claim for which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

In this case, the court has screened and dismissed the Complaint and the First Amended Complaint.  Plaintiff has been notified of this process and has been ordered to await authorization to serve any defendant.  ECF Nos. 12, 19 & 23.  Despite this clear direction, Plaintiff persists in taking steps that force potential defendants into responding prematurely.  It is inefficient to commence this litigation until the court finds Plaintiff has cleared the initial screening hurdle.  The parties named as defendants all have separate legal interests and counsel.  Therefore, in the interest of litigation economy, the Moving Parties request service of process, if any were effective, be quashed so the case can be fully screened by the court before appearances are required.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

## V.

## CONCLUSION

Despite several attempts, Plaintiff has failed to effect service of process on any one of the Moving Parties.  His attempts to mail and deliver amended pleadings to counsel do not cure the fatal issues with his original service efforts.  At a minimum, it is inefficient to commence litigation until the Second Amended Complaint is screened by the court and service authorized.  Accordingly, the Moving Parties respectfully request the court grant the instant motion to quash and dismiss the Second Amended Complaint.

DATED: October 8, 2019                    Respectfully submitted,

                                          MICHELLE D. BLAKEMORE
                                          County Counsel

                                          */s/ Heidi K. Williams*
                                          **HEIDI K. WILLIAMS**
                                          Deputy County Counsel
                                          Attorneys for Specially Appearing Defendants
                                          San Bernardino Sheriff's Department, Sheriff
                                          John McMahon, "Craig, Kelly #B5842," and
                                          "Reveles #C9640" (collectively the "Moving
                                          Parties")

NOTICE OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On October 8, 2019, I served the following documents (*specify*):  **NOTICE OF MOTION & MOTION TO DISMISS SECOND AMENDED COMPLAINT**

I served the documents on the persons below, as follows:

QUINN S. BASS                                    In Pro Per
PO BOX 166
HIGHLAND CA 92346-0166

The documents were served by the following means:

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, on October 8, 2019, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing envelopes for mailing. On the same day that an envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in San Bernardino, California, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Bernardino, California.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

DATED: October 8, 2019        */s/ Sonja Bates*_____
                              SONJA BATES, Declarant